NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAROLD W. VAN ALLEN,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7057

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2957, Judge William A. Moorman.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

Harold W. Van Allen submits a motion entitled a "motion for stay" and a filing on February 22, 2013 that this court also construes as a motion for an extension of

time to file his informal brief.   Van Allen also files a submission entitled "Extraordinary Writ of Mandamus."

We deal here largely with Van Allen's request for a writ of mandamus, the subject of which appears to be an order of the United States District Court for the District of Columbia directing him to show cause why his complaint should not be dismissed.

That complaint, brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), purported to bring a class action suit against the Department of Veterans Affairs (DVA), seeking "equal expedited and timely administrative review of veteran service connected disability claims" and a writ of mandamus to "order the DVA to ensure (nationally) equal administrative timely handling of DVA service connection compensation claims."

Van Allen's complaint further sought certification for a class action against the Department of the Navy, Board of Correction of Naval Records [BCNR], seeking "an injunction compelling the defendant BCNR [to] review the DVA claim 29-719-334 with the newly DVA . . . discovered facts and to correct military records and grant retroactive disability retirement," and a remand of Navy USCFC case(s) back to the BCNR for further administrative review of the new facts . . . by BCNR staff not previously involve in the unauthorized denials of reconsideration." The thrust of that cause, as the district court has explained, was an assertion that the BCNR should be ordered to correct Van Allen's military records to provide for disability retirement pay and health care reimbursement dating back to 1978.

Van Allen's objections appear to be directed at the BCNR and the DVA, and this court has authority to review certain orders from those government agencies. *See* 38 U.S.C. § 7292(c); 28 U.S.C. § 1295(a)(2).   But because Van Allen's potential claims do not fall within the Little Tucker Act as he did not waive the money damages

in excess of $10,000, and the order from which he seeks review was from a district court rejecting jurisdiction over an APA claim, the district court's order is not one that he could take an appeal to this court.

The All Writs Act provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As this statutory language makes clear, the Act is not itself a grant of jurisdiction. "While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction . . . [T]he Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999).

Here, any request for relief regarding the district court proceedings must be directed to the United States Court of Appeals for the District of Columbia Circuit. Since Van Allen appears to have filed the same petition for a writ of mandamus with that court already, we need not transfer the matter, and we thus dismiss the petition.

Van Allen, however, has appealed from a ruling of the Veterans Court that appears to involve the same or similar dispute, is still before this court. To the extent the arguments raised in Van Allen's petition are directed to the proceedings in the Veterans Court, those arguments belong in his brief, which must be filed within 60 days from the date of this order.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) Van Allen's brief is due within 60 days from the date of filing of this order.

(3) Each side shall bear its own costs with regard to the writ.

4                                    HAROLD VAN ALLEN v. SHINSEKI

(4)  All other pending motions are denied.


FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk